# SUPREME COURT OF THE UNITED STATES

## TODD WESSINGER *v.* DARREL VANNOY, WARDEN

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 17–6844.   Decided March 5, 2018

The petition for a writ of certiorari is denied.

JUSTICE SOTOMAYOR, dissenting from the denial of certiorari.

Petitioner Todd Wessinger was sentenced to death by a jury that was never presented with significant mitigation evidence that may have convinced its members to spare his life.  For instance, Wessinger suffers from a major neurocognitive disorder that compromises his decision-making abilities.  As a child, he experienced a stroke in his left frontal lobe that affected how the left and right sides of his brain communicate.  He also suffered from childhood seizures, and he has a hole in the area of his brain associated with executive functioning that resulted from some form of cerebrovascular illness.

The jury never considered this evidence at sentencing, or other mitigation about Wessinger's family history of poverty, alcoholism, and domestic violence, because Wessinger's trial counsel did not attempt to discover it.*  Wessinger's attorneys on postconviction review similarly failed to conduct any mitigation investigation in preparation for his state habeas petition.

The first postconviction counsel to represent Wessinger suffered a mental breakdown and did no work on his

———————
\*Wessinger's conviction and sentence were affirmed on direct appeal without consideration of any ineffective-assistance-of-counsel claim because, in Louisiana, such claims are "customarily addressed in post-conviction proceedings, not on direct appeal." *State* v. *Wessinger*, 98–1234 (La. 5/28/99), 736 So. 2d 162, 195.

petition. The second attorney was highly inexperienced and had to put together a petition on a compressed timeline. He filed a shell petition to meet the 1-year filing deadline, but failed to immediately seek funding to support a mitigation investigation. See Record in No. 15–70027 (CA5), Doc. 513312967, p. 138 (Record Doc.). He subsequently attempted to rectify that error to no avail. The court viewed his requests as delaying the case and as not sufficiently supported by facts. See *id.,* at 142–144. Counsel proceeded to file an amended petition based only on the limited facts developed in the trial record. Apparently recognizing his limitations, he then sought to withdraw from representation; but it was not until he received the State's opposition to the petition 18 months after filing the motion to withdraw that he realized the motion had been denied. Having done no work during the interim period, he pulled together a second amended petition that added discrete allegations regarding the penalty phase portion of the capital proceedings but that still were based only on the deficient trial court record. His efforts were too little, too late. Counsel had pursued no mitigation investigation, and the state court denied postconviction relief.

On federal habeas review, the District Court granted Wessinger's 28 U. S. C. §2254 petition on the basis that both trial counsel's and postconviction counsel's failure to investigate mitigation evidence constituted ineffective assistance of counsel under *Strickland* v. *Washington,* 466 U. S. 668 (1984). A panel majority of the Court of Appeals for the Fifth Circuit reversed. 864 F. 3d 387 (2017). The panel concluded that Wessinger had not received ineffective assistance of counsel during the postconviction proceedings, and was therefore barred from raising his ineffective-assistance-of-trial-counsel claim in federal court. See *Martinez* v. *Ryan,* 566 U. S. 1, 17 (2012). That conclusion is clearly wrong.

This Court repeatedly has held that the failure to perform mitigation investigation constitutes deficient performance. See, *e.g., Williams* v. *Taylor*, 529 U. S. 362, 396 (2000) (finding deficiency where "counsel did not fulfill their obligation to conduct a thorough investigation of the defendant's background"); *Porter* v. *McCollum*, 558 U. S. 30, 40 (2009) (*per curiam*) ("The decision not to investigate did not reflect reasonable professional judgment"). There is nothing about the facts of this case that calls for a different conclusion.

The Fifth Circuit panel majority does not dispute the District Court's finding that the attorney who filed Wessinger's state habeas petitions "did no investigation" into mitigation. *Wessinger* v. *Cain*, 2015 WL 4527245, *2 (MD La., July 27, 2015). It does not disagree with the District Court's findings that counsel "did not obtain any medical records, school records, employment records or family history records," or that he did not "conduct interviews of any witnesses, friends, teachers, coaches, or family members" regarding potential mitigating factors, aside from having a couple brief conversations with Wessinger's mother and brother. *Ibid.*

Even more striking, the panel majority does not acknowledge that counsel did absolutely nothing on Wessinger's case for a period of at least 18 months after filing the first amended petition.

Despite these blatant shortcomings, the panel majority found that the failure to conduct any mitigation research was not a result of deficient performance, but a product of the state postconviction court's denial of funding for a mitigation investigation. As the record demonstrates, however, the denial of funds resulted at least in significant part from counsel's deficiencies: Wessinger's first counsel did nothing on his case; his second counsel delayed in requesting funds immediately upon taking the case; and, when counsel ultimately made the requests, the court

viewed them as unsupported by any facts. See Record Doc., at 138–139, 142–144.

More important, as noted by the Fifth Circuit panel dissent, the denial of funds does not excuse counsel's failure to perform *any* independent mitigation investigation. 864 F. 3d, at 393 (opinion of Dennis, J.). In fact, conducting such an investigation may have placed the requests for funding on substantially stronger ground. The denial of funds also does not explain or justify counsel's complete abandonment of the case for 1½ years.

The Court's denial of certiorari here belies the "bedrock principle in our justice system" that a defendant has a right to effective assistance of trial counsel, and undermines the protections this Court has recognized are necessary to protect that right. *Martinez*, 566 U. S., at 12. Indeed, the investigation of mitigation evidence and its presentation at sentencing are crucial to maintaining the integrity of capital proceedings. The layers of ineffective assistance of counsel that Wessinger received constitute precisely the type of error that warrants relief under this Court's precedent. Yet, Wessinger will remain on death row without a jury ever considering the significant mitigation evidence that is now apparent. Because that outcome is contrary to precedent and deeply unjust and unfair, I dissent from the denial of certiorari.